## Murphy v. Baumgardner Oil

58

*Eileen F. Schoenhofen,* for plaintiffs.
*Daniel K. Deardorff,* for defendant.

KELLER, *J.*, June 8, 1984—Plaintiffs in the above-captioned matter presented 23 interrogatories to defendant, Energy Resources, Ltd. On July 12, 1983, Elmer R. Baumgardner, general partner, Energy Resources, Ltd., verified the answers to the interrogatories and the same were filed of record on July 26, 1983. On July 29, 1983, counsel for plaintiffs filed her motion for dismissal of objections and for a sanction order alleging that defendants failed to serve sufficient answers to several interrogatories; failed to comply with Pa.R.C.P. 4006(a)(2) in asserting objections; and the objections were without reasonable grounds, made in bad faith and constituted a willful failure to make discovery. On the same date an order was entered directing defendants to show cause why the relief requested by counsel for plaintiffs should not be granted. Pursuant to that court order a hearing was held on September 1, 1983. After the motion and court order was served upon defendants, counsel for defendants filed a Response to Request to Produce and Supplemental Answers to Interrogatories, and Supplemental Answers to Interrogatories, which were filed on August 17, 1983 and August 29, 1983, respectively. A hearing was held as scheduled and on September 8, 1983, this court entered its opinion

and order directing defendants to respond to the interrogatories without delay. In addition, defendants were ordered to pay the sum of $200 as sanctions for failure to fully and completely comply with the Rules of Civil Procedure. Several findings of fact were made by the court, including the following:

(a) Elmer R. Baumgardner was a general partner in Energy Resources, Ltd. (Finding of Fact 1).

(b) Robert C. Embry, Jr., was to withdraw his preliminary objection alleging his limited partnership status in Energy Resources, Ltd. (Finding of Fact 3).

In a letter addressed to this court, dated September 28, 1983, Mr. Deardorff, counsel for defendants, stated that Mr. Baumgardner would continue to assert limited partnership status in Energy Resources, Ltd. Defendant Embry subsequently filed an answer which incorporated the answer of the other defendants and expressly denied that either Embry or Baumgardner were general partners in Energy Resources, Ltd.

On September 29, 1983, plaintiffs served defendants Elmer R. Baumgardner and Robert C. Embry with requests for admissions and supplemental interrogatories all of which addressed the issue of partnership status of both men relative to Energy Resources, Ltd. On October 10, 1983, defendants Embry and Baumgardner filed answers to plaintiffs' requests for admissions and on October 28, 1983, their answers to the supplemental interrogatories were filed.

Elmer Baumgardner in his capacity as President of Baumgardner Oil Co., the general partner of Energy Resources Limited Partnership, answered the two interrogatories pertaining to himself and Robert Embry. He did not, however, consult with Mr. Embry before he completed those answers. Com-

plaining that defendants did not sufficiently answer the two interrogatories, plaintiffs have moved this court to impose sanctions.

The supplemental interrogatories and responses here under consideration are:

(1) Are there any occasions on which Robert C. Embry, Jr. has been contacted with respect to the day-to-day business of Energy Resources, Ltd.? If so, please state the date, place, content, duration and persons involved in each such contact.

Mr. Baumgardner responded:

". . . Robert C. Embry, Jr. has certain responsibilities under the partnership agreement. He has been contacted on a regular basis with regard to his duties and obligations as outlined in the aforementioned agreements.

"To my knowledge, nothing has ever been kept of the date, place, content, duration or persons involved in each such contact.

"These contacts were made beginning November 29, 1981, and continued through current date. It is impossible for me to recall these meetings as I just do not remember when they were held, who was present, what was discussed or the duration of the meeting."

(2) Are there any occasions on which Elmer R. Baumgardner has been contacted concerning decisions with respect to the operation of the day-to-day business of Energy Resources, Ltd.? If so, please state the date, place, content, duration and persons involved in each such contact.

Mr. Baumgardner again responded:

"Yes. Elmer Baumgardner has been involved in the day-to-day business operations of Energy Resources, Limited Partnership by his position as President of Baumgardner Oil Co., Inc., the general partner of Energy Resources Limited Partnership

and with respect to certain duties and obligations outlined in the agreements.

"To list these contacts would require an itemized day-to-day diary of Elmer Baumgardner's life as the President beginning November 29, 1981 and continued through current date. It is impossible for me to recall the dates and places, content, duration, and persons involved in each of these day-to-day happenings."

In support of their motions for sanctions, plaintiffs contend:

"(1) The defendants have failed to comply with an affirmative duty to search the correspondence files, company records such as telephone bills and seek help from partnership personnel in order to obtain information concerning contacts made with Robert Embry or Elmer Baumgardner.

(2) The defendants breached an affirmative duty to review appointment books and other reliable business records and generally failed to make a good faith effort to reconstruct the times and dates of the meetings in question.

(3) The individual defendants failed to comply with an affirmative duty to consult with each other before answering the interrogatories.

For these reasons the plaintiffs contend that the answers to the interrogatories were so unresponsive and incomplete that they constituted a violation of Pa.R.C.P. Rule 4006(a)(2) and warrant the imposition of sanctions by this Court.

We agree and address the plaintiffs' contentions as follows:

Pa.R.C.P. 4006(a)(2) requires answers to interrogatories to be full and complete. Each interrogatory served upon a party must be answered by that particular party unless a specific written objection is made. Although interrogatories must generally be

answered by the "party served", the Rules of Civil Procedure expressly provide that where the party served is a public or private corporation or is a partnership or association, the interrogatories may be answered by any officer or agent thereof. That individual is required to furnish *all available information* to the opposing party. Pa.R.C.P. 4005(a). (Emphasis added.)

Rule 4005(a) thus implies an affirmative duty on the part of officers or other agents to search corporate and partnership records for all available information necessary to answer interrogatories served upon a corporation or partnership. Defendants' failure to conduct such a search constitutes a violation of this rule. In addition, it is strong evidence that Pa.R.C.P. 4006(a)(2) was violated because the interrogatory answers were not as full and complete as they might have been had the partnership records been examined. Rule 4005(a) makes it clear that Baumgardner could properly answer the interrogatories for all defendants.

Finally, we consider defendants' response of no knowledge to be an arbitrary and unreasonable refusal to answer the interrogatories. Although it has been held that the response of no knowledge is complete and adequate, it must nevertheless be justified. Hartman v. Engine Specialties, Inc., 49 D.&C.2d 348 (1970). In the light of Baumgardner's failure to examine the partnership files, we cannot say that his response was justified. Instead, it was an unreasonable refusal to answer.

The obligation to develop the information necessary to answer the interrogatories did not, however, include an affirmative duty on the part of Mr. Baumgardner to interview partnership personnel such as Robert Embry. Malone v. Pennsylvania R.R., 17 D.&C.2d 752 (1959).

For the aforementioned reasons this court finds that Elmer Baumgardner, in his capacity of President of Baumgardner Oil Company, general partner of Energy Resources, Ltd. did arbitrarily, willfully and unreasonably refuse to answer supplemental interrogatories submitted to himself, Baumgardner Oil Co., Energy Resources, Ltd. and Robert Embry. We, therefore, grant the plaintiffs' request and impose the sanction of prohibiting both Elmer Baumgardner and Robert C. Embry from asserting or otherwise contending that they are other than general partners in Energy Resources, Ltd.

Our ruling is further supported by the limited . facts available which include:

"1. Elmer Baumgardner purportedly exercises undisputed control over the operation of the partnership in the role of "Elmer Baumgardner, President of Baumgardner Oil Company," said company being the sole general partner of Energy Resources, Ltd.

2. The testimony of Elmer Baumgardner at the sanction hearing that he is the sole, ultimate policy and decision maker for Baumgardner Oil Company is strong evidence that he is also a general partner in the partnership because Baumgardner Oil is also a general partner.

3. The document entitled "Operating Agreement Baumgardner Oil Company and Energy Resources, Ltd. Partnership," executed by Elmer R. Baumgardner and Robert C. Embry, Jr. states that Elmer Baumgardner and Baumgardner Oil Company were to establish and operate the partnership business while the day-to-day decisions concerning the management and operation of Energy Resources, Ltd. were specifically assigned to Mr. Baumgardner. As compensation for his manage-

ment services he was to receive $150,000 per year from the partnership.

4. Elmer Baumgardner executed at least one legal document in the capacity of general partner, Energy Resources, Ltd.

5. This Court found in its September 8, 1983 Opinion that Elmer R. Baumgardner was in fact a general partner in Energy Resources, Ltd.

6. Robert C. Embry, Jr. withdrew his preliminary objection alleging his limited partnership status in Energy Resources, Ltd."

### ORDER OF COURT

Now, this June 8, 1984, defendants are directed to respond to the supplemental interrogatories, all as set forth in the opinion attached hereto, without delay.

In addition, defendants, Elmer Baumgardner and Robert C. Embry, are hereby prohibited from asserting or otherwise contending that they are other than general partners in Energy Resources, Limited Partnership.

Exceptions are granted to defendants.